OPINION
The State, pursuant to Crim.R. 12(K), is appealing the granting of Jason C. Greene's motion to suppress by the trial court. The court, in its decision entered on December 18, 2001, explicitly adopted "as the factual basis for its ruling on the motion, the uncontroverted testimony of Deputy Ward and Detective Lamb together with the State's Exhibits 1 and 2." (Docket 20). Exhibit 1 is a pre-interview form used by Detective Lamb and Exhibit 2 is the defendant's own written statement. The court then added: "more particularly, the court adopts the statement of facts set forth in the State's memorandum filed October 16, 2001." Id. We therefore set forth the following factual statement from the State's memorandum:
 On February 11, 2001, Deputy Rick Ward was dispatched to the 1900 Block of Gant Street to assist another officer with a suspicious person. It was 1:20 in the morning and dark out. Deputy Ward testified at the motion to suppress that this area has a reputation of a "high crime area."
 While present on Gant Street, Deputy Ward observed and [sic] individual approximately fifty feet away attempting to enter a vehicle. Prior to the Defendant attempting to enter the vehicle, Deputy Ward observed the Defendant staggering across the street and not walking straight. Based on Deputy Ward's experience, he believed the Defendant to be intoxicated and approached the Defendant as he attempted to enter his vehicle.
 Deputy Ward engaged in conversation with the Defendant and observed that his eyes were blood shot and smelled alcohol on his breath. During the course of the conversation, the Defendant's speech was slurred and the Defendant stated to Deputy Ward "I have been drinking and should not be driving." Based on the Deputy's observations and the Defendant's own statement, it was determined that the Defendant was intoxicated.
 The Defendant was not alone the evening of February 11th. Another individual was present with the Defendant when Deputy Ward approached the Defendant. The other individual did not have a driver's license. Deputy Ward asked the Defendant where he came from and the Defendant stated that it was a friend's house. However, when asked specifics about where his friend lived or his name, the Defendant was not able to provide either information. Deputy Ward determined that it was unsafe to leave an intoxicated individual in this area. The Defendant was then arrested for public intoxication. Another deputy drove the Defendant's friend to a gas station because they felt it was unsafe to leave him in that area.
 Pursuant to the arrest of the Defendant, a search of the Defendant's person was conducted. Crack cocaine was located on the Defendant's person.
The Court then proceeded in its decision to articulate its basis for granting the suppression motion, as follows:
 The Defendant argues that the Defendant was illegally stopped and illegally arrested for a minor misdemeanor without proof of one of the four exceptions under O.R.C. 2935. 26(A).
 The Court, upon duly considering the matter, SUSTAINS Defendant's motion to suppress. Deputy Ward testified that he observed the Defendant from approximately 50 feet away walking across the street. The Defendant had "trouble walking," was "staggering" and had "balance problems." The Defendant was headed to the driver's side of a parked car on the street. Based on this behavior, the deputy assumed that the Defendant may have been drinking.
 On cross-examination, Deputy Ward testified that he walked over to the Defendant and said to him, "Stop!" The Defendant stopped and turned around to the deputy who then engaged the Defendant in conversation in an effort to determine if Defendant was staggering due to intoxication. It was only after Defendant complied with Ward's order to stop that Ward then perceived an odor of an alcoholic beverage, slurred and stuttering speech, bloodshot eyes, and formed a belief that Defendant was intoxicated in public.
 The Court finds that Ward's command to Defendant to "stop" implicated the Fourth Amendment. Pursuant to Terry v. Ohio, (1968), 392 U.S. 1, Ward would have needed reasonable, articulable suspicion that Defendant was engaging in or about to engage in criminal activity. Ward's own testimony was that after he said "stop" to the Defendant, the Defendant was not free to go. The Court finds that Defendant was stopped by Ward pursuant to Terry without reasonable, articulable suspicion. The other indicia of intoxication that later developed when Ward engaged Defendant in conversation were not present at the time Defendant was commanded to "stop."
 The motion to suppress tangible evidence therefore is granted as is the motion to suppress statements which have become "poison."
The State, as appellant, brings to us the following assignment of error and two issues presented in the assignment, as follows:
State's Assignment of Error:
 THE TRIAL COURT ERRED WHEN IT SUSTAINED GREENE'S MOTION TO SUPPRESS BECAUSE AN OFFICER IS PERMITTED TO CONDUCT A TERRY INVESTIGATION WHEN HE/SHE REASONABLY BELIEVES THAT A PERSON IS COMMITTING A CRIME NO MATTER HOW MINOR THE OFFENSE.
 ISSUE PRESENTED: WAS THE TRIAL COURT CORRECT IN RULING THAT THE POLICE LACKED REASONABLE SUSPICION OF CRIMINAL ACTIVITY TO JUSTIFY SEIZING MR. GREENE WHEN, FROM FIFTY FEET AWAY, THE OFFICER ONLY BRIEFLY OBSERVED MR. GREENE WALK ACROSS THE STREET TO HIS CAR HAVING "TROUBLE" WALKING "STAGGERING" AND HAVING "BALANCE PROBLEMS."
 ISSUE PRESENTED: EVEN THOUGH THE TRIAL COURT NEVER ADDRESSED THE VALIDITY OF MR. GREENE'S ARREST FOR PUBLIC INTOXICATION, DID THE OFFICER VIOLATE R.C. 2935.26(A) BY ARRESTING MR. GREENE FOR PUBLIC INTOXICATION RATHER THAN SIMPLY ISSUING A CITATION AS REQUIRED BY THE STATUTE.
Based upon the facts adopted by the trial court and as presented in its decision also, we reverse the decision of the trial court.
A Terry stop may be made upon reasonable and articulable suspicion that a crime is being or is about to be committed. In this case, Deputy Ward testified that he observed the defendant beginning about 50 feet away from his car having trouble walking, staggering, and with balance problems, and saw the defendant heading towards the driver's side of the car. The defendant was obviously in an impaired state for whatever reason and the deputy was reasonably concerned that an obviously impaired person was about to drive off in a car. Upon proper investigation, the deputy believed the defendant was under the influence of alcohol and the defendant even admitted to the deputy that he was too drunk to drive. Deputy Ward also feared for the defendant's safety if he was left in this high crime area and therefore proceeded to arrest the defendant. The law explicitedly allows an officer to arrest a person, instead of issuing a citation, for a minor misdemeanor, if "the offender requires medical care or is unable to provide for his own safety." R.C. 2935.26(A)(1).
We do not believe this situation is any different from the case where an officer observes a motor vehicle weaving across lanes of travel and effects a traffic stop because the officer believes that the driver may be impaired because intoxicated, or for any other reason, to cause impaired driving. The officer, in effecting the stop, does not know that the driver is intoxicated but realizes that the driving pattern exhibited by the vehicle can be one indicia of an impaired intoxicated driver. Only when the officer approaches the driver's side and begins to speak to the driver can he ascertain that the driver is exhibiting other indicia of intoxication. Unlike the trial court, we find that Deputy Ward did indeed have reasonable, articulable suspicion that the defendant was about to drive off in his vehicle in an impaired state and therefore may be dangerous to himself or others. This case is similar to the factual situation presented in our decision in State v. Mullins (May 19, 2000), Montgomery App. No. 17892, unreported, where the defendant was found walking in a ditch, having difficulty steadying himself, and talked to the arresting officer with slurred speech, stating that he was looking for his car. In that case we sustained the decision of the trial court approving the arrest "because the court reasoned removal of the highly impaired person on the side of the highway `is a perfect example of a situation' for which the `safety' exception of R.C. 2935.26 was created."Id.
The State's assignment of error is sustained, the decision of the trial court is Reversed, and the case is Remanded for further proceedings.
FAIN, J., and GRADY, J., concur.